UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

         **v.**     **07-CR-126A**

**SHANE BAKER and SHAWN BAKER,**

   **Defendants.**

───────────────────────────────────────


# REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #38.

# PRELIMINARY STATEMENT

Presently pending before this Court are the defendants' omnibus motions. Dkt. ## 45 and 48. Both motions are principally motions for discovery and this Court's Decision and Order with respect to each discovery motion will be filed separately. In addition to the discovery requests, both defendants seek the dismissal of Count 1 on the grounds that it is duplicitous[1], as well as the suppression of physical evidence. This Court's Report, Recommendation and Order with respect to the motions to suppress has been filed separately. Dkt. #111. What follows is this Court's Report,

---

[1] Although the defendant's motion to dismiss Count 1 was filed prior to the return of the Superseding Indictment, this Court will treat the motion as seeking the dismissal of Count 1 of the Superseding Indictment.

Recommendation and Order with respect to that portion of the defendants' motions seeking dismissal of Count 1. A full recitation of the facts relating to the underlying investigation and the charges is set forth in this Court's Report, Recommendation and Order concerning the defendants' motions to suppress and those facts are incorporated by reference herein. *See* Dkt. #111.

## DISCUSSION AND ANALYSIS

Defendants Shane Baker and Shawn Baker seek dismissal of Count 1 of the Superseding Indictment on the grounds that it is duplicitous. Specifically, defendants argue that Count 1 alleges four separate conspiracies within a single count and therefore it is impermissibly duplicitous. *See* Dkt. ##45 and 48. Moreover, the defendants assert that the proper remedy is dismissal of the defective count. *Id*. As described in the government's opposition to defendants' motion to dismiss, Count 1 charges that the defendants conspired to commit violations of four other provisions of federal law relating to the dealing and manufacturing of controlled substances. Dkt. ##51 and 54. For the following reasons, this Court agrees with the government that Count 1 of the Superseding Indictment is not duplicitous and recommends that the motions to dismiss be denied.

> An indictment is duplicitous if it joins two or more distinct crimes in a single count. *United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980). A duplicitous indictment, which alleges several offenses in the same count, must be distinguished from "the allegation in a single count of the commission of a crime by several means." *Id*. The latter is

not duplicitous. The policy considerations underlying the prohibition against duplicitous indictments are varied. As we previously have stated, these considerations include avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution.
*United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981) (citing *Murray*, 618 F.2d at 896).

A conspiracy indictment presents "unique issues" in the duplicity analysis because "a single agreement may encompass multiple illegal objects." *Murray*, 618 F.2d at 896. In this Circuit "it is well established that '[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for "[t]he conspiracy is the crime and that is one, however diverse its objects."'" *Id*. (citations omitted); *see also Braverman v. United States*, 317 U.S. 49, 53, 63 S.Ct. 99, 101, 87 L.Ed. 23 (1942) ("Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one.").

We have declined to accept the law of the Fifth Circuit "that any acts capable of being charged as separate offenses must be alleged in separate counts." *Margiotta*, 646 F.2d at 733 (citing *Bins v. United States*, 331 F.2d 390, 393 (5th Cir.), *cert. denied*, 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87 (1964)). Instead, under the law of this Circuit, "acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) (citation omitted), *cert. denied*, 493 U.S. 1081, 110 S.Ct. 1139, 107 L.Ed.2d.

*United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992). Here, Count 1 of the

Superseding Indictment presents the precise "unique issue" contemplated by the Second Circuit in *Murray*. As discussed above, where, as here, a conspiracy to commit several crimes is alleged in a single count of conspiracy, that count is not duplicitous. In its response, the government proposes that in the event there is an issue during the trial, a special verdict form may be used to ascertain which underlying crimes were the object of the conspiracy engaged in by each defendant. Dkt. #54, p.25. Finally, in response to defendant Shawn Baker's concern that the evidence at trial may disclose the existence of multiple conspiracies, rather than the single conspiracy as alleged in Count 1, "the government submits that such an issue ... is properly reserved to the District Court for the trial of this action." Dkt. #51, p.14. Accordingly, it is recommended that defendants' motions to dismiss Count 1 of the Superseding Indictment be denied.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

**SO ORDERED.**

DATED: Buffalo, New York
December 11, 2009

                                                  **s/ H. Kenneth Schroeder, Jr.**
                                                  **H. KENNETH SCHROEDER, JR.**
                                                  **United States Magistrate Judge**