**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                      v.        07-CR-126A(Sr)

**SHANE BAKER,**

        **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #38.

## PRELIMINARY STATEMENT

Presently pending before this Court is the defendant's omnibus discovery motion relating to the Superseding Indictment. Dkt. #91. The government filed a response to the instant motion. Dkt. #95. The instant motion principally relies on the defendant's prior omnibus motion for discovery (Dkt. #48) which was the subject of a separate Decision and Order filed on December 11, 2009 (Dkt. #113). Insofar as the instant motion reiterates those discovery requests enumerated in the defendant's prior motion (Dkt. #48) and those requests were addressed in this Court's Decision and Order (Dkt. #113), the parties are referred to this Court's Decision and Order (Dkt.

#113) for a complete recitation of this Court's findings.[1] Accordingly, this Decision and Order will only address defendant's new requests, *to wit*, defendant's request for a bill of particulars relating to Count 1 of the Superseding Indictment and defendant's request to be provided with any statements made by Shane Baker at any time during the course of the investigation. Dkt. #91, p.7.

### DISCUSSION AND ANALYSIS

**Bill of Particulars**

In a brief section entitled "Bill of Particulars as to Superseding Indictment," the defendant states:

> It is noted that in the first count of the superseding indictment, the government charged the defendants with "Knowingly, Willfully and Unlawfully" combining, conspiring and agreeing together and with others, known and unknown to commit offenses against the United States. In that regard, counsel asks that the Court order the government to turn over to the defense all individuals known to the government or to the grand jury who combined and conspired with the defendants.

Dkt. #91, p.4. In its response the government states, "[s]o far as presently known to the

---

[1] In the instant motion the defendant states, "[w]ithout reiterating the motions previously filed, your deponent once again seeks the same information contained in defendant's previously filed motions [Dkt. #48], including, but not limited to all *Brady* material, revelation of identity of informants, motion of [sic] Rule 404(b) disclosures, discovery and inspection consistent with Rule 16, search of personnel files of government agents/witnesses, residual exception statements pursuant to Rule 807, motion to suppress statements, and any other motions that were otherwise filed." Dkt. #91, p.4.

-2-

government, coconspirators include Jeremy Henderson, Shane Baker, Shawn Baker and William Dumovich." Dkt. #95, p.2.

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). Here, the charges in the Indictment and thereafter in the Superseding Indictment, together with the discovery materials previously provided and the responses supplied to the defendant's other requests clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to nor is he in need of the information sought in the remaining requests and accordingly, those requests are denied.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004); *United States v. Porter*, 2007 WL 4103679 (2d Cir. 2007).

**Defendant's Statements**

As noted above, the defendant requests that he be provided with any statements he made at any time during the course of the investigation. Moreover, the defendant further requests that he be provided with the information setting forth the circumstances, and the place and time of the taking of the statements. Dkt. #91, p.7. In its response, the government states, "[t]he defendant has been previously provided with statements of the defendant falling within Rule 16. See, Report of Investigation marked Government Exhibit 16 for the suppression hearing in this action." Dkt. #95, p.7. Based on the representations made by counsel for the government, defendant's request is denied as moot.

**Other Motions**

Finally, the defendant states, "[a]s noted above, the government has otherwise complied with various requests from the defendant relative to discovery and inspection of various documents. Your deponent reserves his right to file any other motions." Dkt. #91, p.7. This request is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the

investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED: Buffalo, New York
December 15, 2009

                                           **s/ H. Kenneth Schroeder, Jr.**
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**