**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                      v.                07-CR-126A(Sr)

**SHANE BAKER,**

       **Defendant.**

_____

**REPORT, RECOMMENDATION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #38.

**PRELIMINARY STATEMENT**

The defendant, Shane Baker, is charged in a multi-count Superseding Indictment with having violated Title 21 U.S.C. § 846 (Count 1); Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and Title 18 U.S.C. § 2 (Count 3); Title 21 U.S.C. § 841(a)(1) and Title 18 U.S.C. § 2 (Counts 4 and 5); Title 21 U.S.C. § 856(a) and Title 18 U.S.C. § 2 (Counts 6 and 7); Title 18 U.S.C. §§ 924(c)(1) and 2 (Count 8); and Title 18 U.S.C. §§ 922(g)(3), 924(a)(2) and 2 (Count 9). Dkt. #70. In addition, the defendant also faces forfeiture counts (Counts 11 and 12) pursuant to Title 18 U.S.C. §§ 924(d) and 3665, Title 21 U.S.C. § 853(a) and Title 28 U.S.C. § 2461(c). *Id*.

Presently pending before the Court is the defendant's motion to suppress evidence seized from 153 Scoville Avenue, Buffalo, New York, including a Federal Express package. Dkt. #91. Based upon the information before this Court, following the initial seizure of the Federal Express package, a search warrant was obtained for the Federal Express package. *Id*. The government filed a response to the instant motion asserting that the defendant does not have standing insofar as he has failed to establish a reasonable expectation of privacy in either the premises located at 153 Scoville Avenue or the Federal Express package. Dkt. #95. For the following reasons, it is recommended that the instant motion to suppress be dismissed because the defendant has failed to submit an affidavit from someone with personal knowledge demonstrating sufficient facts to show that he had a legally cognizable privacy interest in the premises searched at the time of the search.

## DISCUSSION AND ANALYSIS

In his motion to suppress, the defendant states in conclusory fashion,

> [i]n the first instance, the defense proffers the fact that defendant Shane Baker was, on February 9, 2007, the owner of 153 Scoville Avenue, Buffalo, New York. Because he was the owner, defendant maintained an expectation of privacy in the areas searched and the items seized at 153 Scoville and maintained the ability, if he chose, to reenter the premises at will. Therefore, defendant Shane Baker has standing to bring the instant motion.

Dkt. #91, ¶¶ 9-10. Without more, *to wit*, an affidavit by the defendant, the above-quoted statements made by counsel for the defendant are wholly insufficient to

establish by a preponderance of the evidence that the defendant has standing to challenge the search of 153 Scoville Avenue.

In order to establish a violation of his Fourth Amendment rights, the defendant must meet a twofold requirement, "first that [he has] exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as 'reasonable'." *Katz v. United States*, 389 U.S.347 (1967); *see also*, *United States v. Barrios-Moriera*, 872 F.2d 12, 14 (2d Cir. 1989). The defendant has the burden of establishing standing by a preponderance of the evidence. *United States v. Osorio*, 949 F.2d 38, 40 (2d Cir. 1991). To demonstrate standing, a defendant must submit an affidavit from someone with personal knowledge, demonstrating sufficient facts to show that he had a legally cognizable privacy interest in the searched premises at the time of the search. *Rawlings v. Kentucky*, 448 U.S. 98, 100, 104-5 (1980); *see also*, *United States v. Fields*, 113 F.3d 313, 320 (2d Cir. 1997); *United States v. Gillette*, 383 F.2d 843, 848-49 (2d Cir. 1967). In addition to the foregoing, this Court's discussion of standing set forth in its prior Report, Recommendation and Order filed on December 11, 2009 (Dkt. #111) is hereby incorporated by reference herein. Dkt. #111, pp.58-60. For the foregoing reasons it is hereby recommended that defendant's motion to suppress be dismissed because the defendant has failed to submit an affidavit from someone with personal knowledge demonstrating sufficient facts to show that he had a legally cognizable privacy interest in the premises searched at the time of the search.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and

the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**


DATED:    Buffalo, New York
              December 17, 2009


                                      **s/ H. Kenneth Schroeder, Jr.**
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**