UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                                             **DECISION AND ORDER**
                                                             07-CR-126A

v.

SHANE BAKER and SHAWN BAKER,

                        Defendants.

---

      This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. § 636(b)(1)(A). On August 13 and 17, 2007, defendants Shawn Baker ("Shawn") and Shane Baker ("Shane") filed omnibus motions (Dkt. Nos. 45 and 48) that included motions to suppress evidence found at 1334 Clinton Street in Buffalo, New York, and motions to dismiss Count One of the indictment. On November 24, 2008, Shane filed a second omnibus motion (Dkt. No. 91) that included a motion to suppress evidence found at 153 Scoville Avenue in Buffalo, New York. Magistrate Judge Schroeder addressed the motions to suppress and to dismiss in three separate Reports and Recommendations. The Court held oral argument on the Reports and Recommendations and all objections to them on April 16, May 6, and May 10, 2010.

      On December 17, 2009, Magistrate Judge Schroeder filed a Report and Recommendation (Dkt. No. 117) recommending denial of Shane's motion to

suppress evidence found at 153 Scoville Avenue. Shane did not file any objections specifically addressing this Report and Recommendation, nor did he address this Report and Recommendation during oral argument. Consequently, the Court adopts the proposed findings of this Report and Recommendation and denies Shane's motion to suppress evidence found at 153 Scoville Avenue for the reasons stated therein.

On December 11, 2009, Magistrate Judge Schroeder filed a second Report and Recommendation (Dkt. No. 112) recommending denial of Shawn's and Shane's motions to dismiss Count One. Shawn and Shane filed objections to this Report and Recommendation on April 1 and April 5, 2010, and the Government filed a response thereto. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 59(b)(3) of the Federal Rules of Criminal Procedure, this Court must make a *de novo* determination of those portions of this Report and Recommendation to which objections have been made. Upon such a *de novo* review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of this Report and Recommendation and denies the pending motions to dismiss Count One for the reasons stated therein.

On December 11, 2009, Magistrate Judge Schroeder filed a third Report and Recommendation (Dkt. No. 111) recommending denial of Shawn's and Shane's motions to suppress evidence found at 1334 Clinton Street, with one

exception.  Magistrate Judge Schroeder recommended granting Shawn's motion to suppress all of the evidence found in the second-floor front apartment at 1334 Clinton Street—*i.e.*, a marijuana grow operation found during an initial safety sweep, together with shotgun shells, a triple beam balance, and packaging materials found during a subsequent search performed on consent.  Shawn and Shane filed objections to this Report and Recommendation on April 1 and April 5, 2010, arguing that the marijuana and the loaded shotgun found on the third floor should be suppressed, that the warrant was overbroad, and that Shane had standing to challenge any evidence found in the house because he was the owner and landlord.  The Government filed objections on April 2, 2010, arguing that all of the evidence from the second-floor front apartment was found either during a permissible safety sweep or during a later search performed with the voluntary consent of the occupants.  The parties filed respective responses to the filed objections.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 59(b)(3) of the Federal Rules of Criminal Procedure, this Court must make a *de novo* determination of those portions of this Report and Recommendation to which objections have been made.  Upon such a *de novo* review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of this Report and Recommendation except those concerning Shawn's motion to suppress evidence found in the second-floor front

apartment at 1334 Clinton Street.  For the reasons below, the Court denies that motion and finds that all of the evidence found in the second-floor front apartment—the marijuana grow operation, the shotgun shells, the triple beam balance, and the packaging materials—should not be suppressed.

"For law enforcement officers to conduct a warrantless protective sweep of a premises after an arrest outside thereof they must have (1) a reasonable belief that other persons are inside, and (2) a reasonable belief that the other persons are aware of the arrest outside the premises and might destroy evidence, escape or jeopardize the safety of the officers or the public." *U.S. v. U.S. Currency in Amount of Five Hundred Ninety-Eight Thousand Eight Hundred Twenty Six Dollars*, No. 00-CV-7073, 2007 WL 2713367, at *11 (E.D.N.Y. Sept. 13, 2007) (citing *U.S. v. Oguns*, 921 F.2d 442, 446 (2d Cir. 1990)).  Here, law enforcement agents executing the search warrant expected to find Shane and Jeremy Henderson ("Henderson") in the second-floor rear apartment at 1334 Clinton Street, because prior investigative work indicated that they lived there with at least one assault rifle and one attack dog.  Agents expected to find Shawn somewhere in the building because he provided drugs to a confidential informant during a controlled purchase in the second-floor rear apartment.  When agents entered the second-floor rear apartment, they indeed found Shane and Henderson there.  Shane was armed with an assault rifle; Henderson released an attack dog to harm the agents.  Having encountered these first two threats, the

agents reasonably determined that a protective sweep of the building was necessary to determine whether Shawn—or other known participants in the drug operation like Jennifer Cheman ("Cheman"), who was known to live in the building—had been lying in wait to harm them.

The protective sweep of the building conducted to find Shawn reasonably brought the agents through the door that opened from the second-floor rear apartment into the hallway between the rear and front apartments. The announced knock on the second door in the hallway—the door leading to the second-floor front apartment—was reasonable, especially given that the agents did not know at that time where that door led. When Shawn answered the door and identified himself, several facts fell into place to justify a protective sweep of the front apartment. The agents realized that Shawn had access to what they now knew was the front apartment and the place where Shawn went when he disappeared during the controlled purchase in the rear apartment. The agents discovered that Cheman was in the building at the time and represented a fourth potential threat against them. Finally, the odor of marijuana that the agents perceived before they even entered the front apartment suggested ongoing criminal activity that could have given Shawn and Cheman additional reason to be armed. Under these circumstances, the agents acted reasonably in performing a protective sweep of the second-floor front apartment to ensure that

they would not encounter any harmful surprises while executing a search warrant for the rest of the building.

In conclusion, events that occurred during the search of the second-floor rear apartment justified the entry into the second-floor front apartment. The resulting plain-view discovery of the marijuana grow operation, which led to the consented search of the entire apartment, did not occur improperly. The Court thus denies Shawn's motion to suppress evidence found in the second-floor front apartment at 1334 Clinton Street. The Court declines to adopt the Report and Recommendation at Docket No. 111 to the extent that it recommends otherwise, but adopts it in all other respects. Accordingly, the motions to suppress contained in Shawn's and Shane's omnibus motions (Dkt. Nos. 45, 48) are denied in their entirety.

The parties are directed to appear before the Court on **Tuesday, June 15, 2010 at 12:00 p.m.** for a status conference to set a trial date.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: June 14, 2010